RALPH J. MINER ET ALS. *vs.* DENNIS E. McNAMARA ET ALS.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A complaint in one count, by a tenant against the landlord and his building contractor, to recover damages for injuries to a stock of merchandise by the collapse and fall of the leased building, which was alleged to be due to its careless and faulty construction, is one founded upon negligence, and cannot, consistently with the rules of pleading as to joinder of causes of action and of parties, be construed to set forth a cause of action against the landlord for fraud or for a breach of warranty, and thus give the plaintiff six years instead of one year in which to bring his action.

Although such an action may be said to be described in a general way as one "founded upon a tort unaccompanied with force and where the injury is consequential," and therefore as barred after six years under General Statutes, § 1111, yet the action is more specifically described, identified and separated from its fellows as one "to recover damages for injury to personal property, caused by negligence" (Public Acts of 1903, Chap. 149), and, as one of this smaller class, is barred within one year from the date of the injury or neglect complained of.

Argued November 4th—decided December 17th, 1909.

ACTION to recover damages for the loss of a stock of merchandise through the collapse and fall of a leased building, which was alleged to have been caused by the negligent acts and omissions of the defendants, brought to and tried by the Superior Court in New Haven County, *Shumway, J.*, upon demurrer to a plea of the statute of limitations filed by the defendant McNamara; the court overruled the demurrer and rendered judgment for that defendant, from which the plaintiffs appealed. *No error.*

*George D. Watrous* and *Harrison T. Sheldon*, for the appellants (plaintiffs).

*Robert E. DeForest* and *John J. Cullinan, Jr.*, for the appellee (defendant McNamara).

PRENTICE, J.   This complaint has already been before us upon an appeal from a judgment rendered in favor of another of the defendants, who successfully demurred to it. *Miner* v. *McNamara*, 81 Conn. 690, 72 Atl. 138. Its averments are there fully summarized.   Its reappearance results from a judgment since rendered in favor of another defendant, as the consequence of his defense that the injury or neglect complained of did not occur within one year prior to the commencement of the action, and that the right of action for the cause stated did not accrue within that period of time.   The plaintiffs unsuccessfully demurred to this defense, and judgment for the defendant who pleaded it followed.   This defendant was McNamara, the owner and lessor of the building.   His codefendants were two parties who were contractors under McNamara for the construction of the building.   It was one of these whose contention was before us at the time of the former appearance of the case. The statute whose provisions were thus successfully appealed to by McNamara as a bar to the action, is § 1119 of the General Statutes as amended by chapter 149 of the Public Acts of 1903, p. 114.   The plaintiffs insist that this statute is not applicable to the cause of action presented by the complaint, and that § 1111 embodies the limitation which is applicable.

We are spared the necessity of examining the complaint to discover the nature of the cause of action which is set out against McNamara, since we had occasion to pass upon that question when the case was here before.   We then held that it was one founded upon negligence.   It is now contended, however, that its allegations as related to this defendant are such as would justify a recovery against him upon other grounds, as, for instance, fraud, or the breach of an implied warranty.   What plausible grounds, questions of pleading apart, there may be for this claim, we need not stop to inquire.   It is enough to observe that it overlooks the fact that the complaint throughout dis-

tinctly rests the plaintiffs' case upon the negligence of the defendants, and that two parties are joined with McNamara as defendants, against whom causes of action of the nature indicated cannot be claimed to be stated. If we may assume that the pleader did in one count join several causes of action, we should scarcely be justified in assuming that he thus joined causes of action not permitted to be joined, and did so in disregard of the prohibition against joining causes of action which did not affect all the parties. It is, however, quite apparent that there was no attempt to state more than one cause of action, and that that was one founded upon negligence.

But plaintiffs' counsel by no means rest their contention, that the court erred in overruling their demurrer, upon this narrow ground alone. They assert the broad proposition that the statute appealed to is not applicable to such a cause of action as their complaint embodies, even though it be one for negligence only. The history of the evolution of the two statutory provisions already referred to is relied upon by them in support of this view, and of their view that it is § 1111 which prescribes the pertinent limitation.

For many years prior to the adoption of the Practice Act, and reaching back as far as 1821, one provision of our statutes had limited the time for the commencement of actions of trespass on the case to six years next after the right of action should accrue, while another had provided that no action of trespass, and no action upon the case for words, should be brought but within three years. Rev. 1821, pp. 310, 311, §§ 4, 5; Rev. 1875, p. 494, §§ 6, 7. The revisers in preparing the Revision of 1888 were apparently of the opinion that since the Practice Act had abolished the distinctions between the forms of action theretofore recognized, it would be wise to dispense with the use in these statutes of the terms "actions of trespass on the case," "actions upon the case," and "actions of trespass," and substitute therefor definitional language of equivalent

purport. For such language, to substitute in the former of the two sections as descriptive of actions of trespass on the case, it would appear that Swift's Digest was consulted. At least the coincidence exists that the precise language of the unsatisfactory definition there found was adopted in the Revision. 1 Swift's Digest, s. p. 540. In dealing with the second of these two provisions, the use of the words "upon the case" was avoided by a simple expedient, and in lieu of the former words, "no action of trespass," was substituted "no action for trespass to person or property," so that the provision was made to read: "no action for trespass to person or property, or for slanderous words, shall be brought," etc. No change has since been made in these statutes. They became §§ 1111 and 1115 of the Revision of 1902.

The changes thus made suggest several interesting queries. All, save one, however, are foreign to our present inquiry. That one is whether or not a cause of action like the present, considered as one founded upon negligence, comes within the language of § 1111.* It is apparent from the consideration which we have already given to the history and evident purpose of the changes made in the statutes, and from the scope of common-law actions of trespass on the case as universally and familiarly recognized, that the intent and purport of the section would have been more clearly and unmistakably expressed had the disjunctive conjunction *or* been used in the place of the conjunctive *and*, so that no one might mistakenly assume that no cause of action was within the reach of the statute except one founded upon a tort, which was both unaccompanied with force *and* where the injury was consequential. In this case, however, all the conditions named are present. The action is founded upon a tort; the tort was un-

---

* This section reads: No action founded upon a tort unaccompanied with force and where the injury is consequential, shall be brought but within six years next after the right of action shall accrue.

accompanied with force; and the resulting injury was consequential and not immediate.

It does not follow, however, that this section governs the present case. It well may be that some other statute standing by its side has fixed a still shorter limitation than that established by it for some class or classes of actions within its descriptions, and that the action before us may be included therein. Section 1111 provides that certain classes of actions must be brought within six years. There would be no inconsistency or impropriety if some other section prescribed that some class of actions carved out of one of these larger classes must be brought within one year. The only result would be that the two statutes would stand in the way of an action brought after the longer time, and only one where it was brought before the longer but after the shorter period had elapsed. Section 1119, before its amendment, was a statute which effectually created a special class for special treatment, in the way of a shorter limitation, out of the larger class described in § 1111. As amended it continues to do so. We have to inquire whether or not the special class so created is large enough to include the present action.

An Act passed in 1853 provided, among other things, for recovery against a railroad company where a passenger, or person crossing the tracks of such company upon the public highway, lost his life through the negligence or carelessness of the company, or the unfitness, negligence, or carelessness of its servants, and that actions therefor must be brought within six months after the cause of action had accrued. Public Acts of 1853, pp. 135, 140, Chap. 74, §§ 8, 21. From time to time changes were made in the period of limitation for actions of this character, first to one year in 1865, then to eighteen months in 1867, and then back again to one year in 1895. Public Acts of 1865, p. 59, Chap. 52; id. 1867, p. 104, Chap. 92; id. 1895, p. 465, Chap. 45. Otherwise the limitation statute

remained substantially unchanged and unenlarged until 1897, except that the time was made to run from the death of the injured party. These, as far as we have been able to discover, were the first steps in the evolution of what became § 1119 in the Revision of 1902. Until 1897, therefore, the limitation thus established, whether longer or shorter, had been confined to actions against railroad companies for injuries resulting in death. General Statutes (1888), § 1383. In 1897 the statute was given a wider scope, so that a one-year limitation, reckoned either from the injury or resulting death, was made to apply to all actions against municipal, railway, or street-railway corporations, brought to recover damages on account of injuries, caused by negligence, to the person, whether or not resulting in death, or to the property of any person. Public Acts of 1897, p. 883, Chap. 189. This statute entered into the Revision of 1902 in a still more comprehensive form, inclusive of all corporations. It read: "No action against a municipal or other corporation, to recover damages for injury to the person, or for causing the death of any person, or for an injury to personal property caused by negligence, shall be brought," etc. The one-year limitation thus became extended to apply in its operation to all actions against corporations where damages were sought for an injury, caused by negligence, to the person, or to personal property, or for causing the death of a person. Where the right of action was against a natural person for a like cause, no attempt was made to change the pre-existing rule, which enabled such action to be begun within six years. A sharp distinction was thus created between the rights of artificial and those of natural persons, and in favor of the former. Whether a recognition of this fact, or other considerations, prompted the General Assembly we may not know, but we find that at its next session it made the final change in the provisions of the statute, so that it was made to read as at present,

to wit: "No action to recover damages for injury to the person, or for an injury to personal property caused by negligence, shall be brought but within one year from the date of the injury or neglect complained of." The particular change thus made which now concerns us, and the one which has occasioned the present controversy, is that which eliminates from the language of the statute the distinction based upon the character in which the defendant is presented, and makes the operation of the Act, in terms at least, general.

We must confess that the able argument of counsel has failed to disclose to us, whether from the language in which the statute is couched, or from the history of its development or otherwise, any satisfactory reason for holding that any interpretation is to be given to it more narrow than that which lies upon its face. Its language is entirely free from ambiguity, clear and exact. There is nothing to indicate that the legislature did not intend to accomplish the result to which the natural meaning of its words leads, even if that were enough to justify us in reading its intent into the statute, however repugnant that intent might be to that which is expressed. An opinion, if entertained, that the change made is an unwise one would not be a sufficient basis for a conclusion as to this intent. The history of the evolution of the existing statute is, as we read it, barren of suggestion that the legislative power has meant to do less than its words upon their face indicate. We find at the beginning of this evolution a single special statute providing for a new tort remedy in a comparatively rare class of cases founded upon negligence, and a limitation of a short period within which action therefor must be brought. From time to time other tort actions, also founded upon negligence, were brought within the purview of this short-limitation provision. For a time these actions, whatever their character, were confined to those in which the defendant was a corporation,

at first of some special class, and then of certain special classes, and finally of any class. At last the benefits of the statute were extended to all classes of parties alike. This is the whole story in so far as it can be gathered from the history of the statute.

There can, of course, be no question that the present complaint is one for the recovery of damages for injuries to personal property, and, as we have seen, injuries caused by negligence. The provisions of § 1119 as amended are therefore applicable to the cause of action stated, and were properly pleaded thereto, and held to constitute a bar to its prosecution.

There is no error.

In this opinion the other judges concurred.