CHARLES V. McCANN, ADMINISTRATOR, *vs.* PETER McGUIRE.

Third Judicial District, New Haven, June Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The trial court has power to set aside, as against the evidence, a verdict for palpably inadequate damages, as well as one awarding damages which are excessive.

This court cannot pass upon the propriety of the action of the trial court in setting aside a verdict as against the evidence, unless the evidence itself is certified and made part of the record on appeal.

If a motion to set aside the verdict is granted, it is of no consequence that the trial court had already, of its own accord, ordered it to be set aside.

Argued June 7th—decided July 12th, 1910.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, brought to the Superior Court in Fairfield County where the jury, in a trial before *George W. Wheeler, J.,* returned a verdict for the plaintiff for $300 damages, which the trial court set aside as inadequate and against the evidence, and from this ruling the defendant appealed. *No error.*

*Charles D. Lockwood,* for the appellant (defendant).

*Russell Porter Clark,* for the appellee (plaintiff) was stopped by the court.

HALL, C. J. The complaint in this action alleges that the plaintiff's intestate, Charles D. McCann, was riding in a wagon when the defendant, driving an automobile in a reckless manner and at an excessive rate of speed, approached him from behind and started to

pass the wagon on the left, and then suddenly turned his automobile to the right in such a manner as to cause the deceased to reasonably believe that the automobile was about to run into the wagon with great force, and that his life was in danger, and to induce him, acting under such belief, to jump from the wagon on the right side upon the grass bordering the road; that thereupon the defendant drove his automobile at an excessive rate of speed upon the right side of the wagon and upon the grass on the right side of the roadway, and struck the said Charles D. McCann with such force as to cause his death.

In his answer the defendant alleges that he was about to pass the wagon on the left side, when he saw an automobile approaching on that side of the road, and that to avoid a collision with it he turned to the right of the wagon upon the grass, where he could safely pass, when McCann jumped from the wagon in front of the automobile, so that it was impossible for the defendant to avoid hitting him in the manner which caused his death.

Upon the trial of the case, the jury having returned a verdict for the plaintiff for $300 damages, the court said to them: "I do not say that I will not accept that verdict if that is your final conclusion. If you reach the conclusion finally that the verdict ought to be in favor of the plaintiff, it seems to the court that the assessment of damages at $300, for the death of such a boy as this boy has been described to be by the undisputed evidence, is inadequate. You may retire and consider the case further, gentlemen." The jury thereupon retired and, after further considering the case for half an hour, again returned a verdict for the plaintiff for $300 damages. As soon as the clerk had read the verdict the court accepted it, and directed the clerk to enter an order setting it aside as manifestly against the evidence.

McCann *v*. McGuire.

Within twenty-four hours thereafter the plaintiff filed a motion that the verdict be set aside as against the evidence, and that a new trial be granted, and the court granted said motion.

At the request of the defendant the court made a finding stating the facts above set forth regarding the return and acceptance, and the setting aside, of the verdict; also that the plaintiff claimed to have proved that the deceased was fourteen years and ten months old, of good health, intelligent and industrious, and conscientious, and earned from $3 to $4 a week; that the defendant claimed to have proved said averments of his answer regarding the manner in which the accident occurred; and that no exception was taken to the facts stated in the finding.

The defendant appeals upon the ground that the court erred in setting aside the verdict and granting a new trial, and in granting the plaintiff's motion to set aside the verdict as against the evidence. · No part of the evidence is certified to this court.

It is of no consequence that the court ordered the verdict set aside before the plaintiff requested it, since the plaintiff afterward filed a written motion for a new trial which the court granted. It was within the power of the trial court to set aside the verdict and grant a new trial, if the verdict rendered was so clearly against the evidence as to make it obvious that the jury had made a mistake in the application of important legal principles affecting the decision of the case, and that the verdict was unjust; General Statutes, § 815; *Bissell* v. *Dickerson*, 64 Conn. 61, 69, 29 Atl. 226; *State* v. *Buxton*, 79 Conn. 477, 478, 65 Atl. 957; *Fell* v. *Hancock Mut. Life Ins. Co.*, 76 Conn. 494, 496, 57 Atl. 175; and such power is exercisable not only when the damages awarded are excessive (*Haight* v. *Hoyt*, 50 Conn. 583, 585), but when they are inadequate. *Black* v. *Griggs*, 74 Conn.

582, 585, 51 Atl. 523; *Townsend* v. *Briggs*, 88 Cal. 230, 26 Pac. 108; *Hackett* v. *Pratt*, 52 Ill. App. 346; *Henderson* v. *St. Paul & D. R. Co.*, 52 Minn. 479, 55 N. W. 53.

We must assume that the jury were properly instructed as to the law, and therefore that they found that.$300 was just damages to be recovered from the person legally in fault for the death of the plaintiff's intestate.

In so far as the question is before us, we discover nothing to indicate that the court erred in holding that the jury, having found that the boy's death was caused by the defendant's negligence and without contributory negligence on his own part, failed to apply the legal principles governing the assessment of damages when they returned a verdict for the plaintiff for only $300.

But the question sought to be raised by the appeal is not properly presented by the record. This case was tried to the·jury. The trial judge could not, and has not attempted to, state in his finding what facts the jury found proven. To show us that the trial court erred.in setting aside the verdict as against the evidence, the appellant should have caused all the evidence to be certified and made a part of the record. *Page* v. *Merwin*, 54 Conn. 426, 436, 8 Atl. 675; *Tetreault* v. *Connecticut Co.*, 81 Conn. 556, 558, 71 Atl. 786; *Kirkbride* v. *Bartz*, 82 Conn. 615, 619, 74 Atl. 888.

Upon the record before us we find no error.

In this opinion the other judges concurred.