CHARLES MEYER, P. P. A. *vs.* CESARE BASTA ET AL.

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A verdict for manifestly inadequate damages should be set aside as against the evidence, as well as one which is excessive.

In the present case the jury awarded the plaintiff, a boy three and one half years old, the sum of $500 for personal injuries of extraordinarily severe and shocking character, including several broken bones and a fractured skull, which, after long hospital confinement and extremely rigorous and painful treatment, were only partially cured in that there remained in his skull a hole protected by nothing but skin tissue, which will seriously limit

his future activities and greatly increase the risk of physical injury and disease. *Held* that the trial court erred in denying the plaintiff's motion to set aside the verdict.

In actions involving personal injuries of an unusually serious and permanent nature, the duty of the trial court to instruct the jury adequately upon the subject of damages can be satisfied only by reasonably extended references to the certain and possible elements of compensation; a statement of general principles is insufficient.

Argued January 28th—decided March 6th, 1925.

ACTION to recover damages for personal injuries alleged to have been caused by the negligent operation of the defendants' automobile, brought to the Superior Court in New Haven County and tried to the jury before *Jennings, J.;* verdict for the plaintiff for $500, which he moved the court to set aside as inadequate and against the evidence, and from the denial of this motion he appealed. *Error and new trial ordered.*

*Albert W. Hummel,* for the appellant (plaintiff).

*Lawrence L. Lewis* and *Walter F. Torrance,* for the appellees (defendants).

PER CURIAM. This action is one to recover damages for injuries to the person of plaintiff, a boy of three and one half years, through being struck while crossing a highway, by an automobile operated by defendant Basta without maintaining a proper and sufficient lookout. We are of the opinion that the motion to set aside the verdict because of the inadequacy of the award should have been granted.

The injuries to this boy were numerous and most severe in character—a fracture of the skull, concussion of the brain, intracranial pressure, hemorrhage, fracture of the left femur, fracture of the right tibia and

fibula, and torn ligaments. As a result of his injuries and in effecting his cure, he was confined in a hospital for about ten weeks, under constant medical treatment, remained unconscious for five days, underwent a skull and brain operation, and suffered the inconvenience and pain of having his fractured leg incased in a Thomas splint, and suspended in a Buck's extension apparatus for ten weeks. The boy made a complete recovery of the injuries to his leg, but there remains in his skull an opening or hole of about one and one half inches in diameter, which exposes his brain, except for a covering of skin tissue, and which, unless protected, will so expose his brain for the rest of his natural life. Since his injuries he has suffered from occasional dizzy spells, especially when he plays vigorously, and has, upon the advice of his physician, been retarded one year in his educational training. His expectancy of life will not be shortened by the injuries he received, but due to the injuries to his skull, he will be more subject to injury than would be his normal lot, and a blow against his skull might cause instant death or serious complications to his physical condition and health. The only means of protecting this defect in the boy's skull will be the insertion of a silver plate upon reaching his maturity. Due to his injuries the boy must now, and during the balance of his youth, forego vigorous play, and will be, in his later life, limited in following pursuits of life.

This boy prior to his injuries enjoyed perfect health. The jury did not fully appreciate the severity of this boy's injuries or the extent of his present and future permanent injuries and their effect upon his life, his pursuits and pleasures, nor the liability that these injuries might result fatally or in dread disease; otherwise they would not have estimated the damage at so small a sum for injuries of this character as $500.

We recognize that the assessment of the damages suffered by this plaintiff was peculiarly within the province of the jury, and that we should not overrule the judgment of the trial court in upholding a verdict unless the verdict was in our best judgment manifestly inadequate. When the verdict is manifestly inadequate, as in this case, it is our duty to set it aside as it is our duty to set aside the verdict which is excessive. *Black* v. *Griggs*, 74 Conn. 582, 585, 51 Atl. 523; *McCann* v. *McGuire*, 83 Conn. 445, 447, 76 Atl. 1003.

The verdict in favor of the plaintiff makes consideration of the assignments of error in the charge unnecessary, except that relating to the damages. The court instructed the jury that the damages to be awarded were to be limited to the amount claimed in the complaint, and to be fair and just compensation for the injuries suffered, and that the compensation is for his pain and suffering, mental and physical, the impairment of his faculties and for any permanent injury so far as it has resulted from this accident. The court added: "The allegations of injury, as is customary, are very full in the complaint which you will have before you, and it does not seem to me necessary to rehearse them further." The character of these injuries, their permanency, their continuance during adolescence, and the possibility of fatal results were such that the general terms in which the court stated the measure and rule of damage, however sufficient in the ordinary case, fell far short of being an adequate and sufficient guidance in a case such as this, where the permanency of the injuries and the liability to serious and perhaps fatal end made reasonable reference to these elements of damage essential in order to give the jury the true basis for finding the "fair and just compensation" for the injuries suffered.

There is error and a new trial is ordered.