JAMES F. HICKEY *vs.* MORRIS D. SLATTERY.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

This court cannot pass upon the propriety of the action of the trial court in setting aside a verdict as against the evidence, unless the evidence itself is certified and made part of the record on appeal. The trial court's action in setting aside a verdict, although placed

Hickey *v.* Slattery.

upon the wrong ground, will not be disturbed by this court on appeal, if it can be sustained upon any ground.

Many of our statutes of limitation were adapted to the forms of action known to the common law; and such changes in their phraseology as were made to render them conformable to the present methods of pleading and practice, were not intended to alter their fundamental scope and effect.

Two distinct causes of action may arise out of one wrong, and in such a case, each cause of action is governed by the statute of limitation appropriate to it.

Section 6163 of the General Statutes provides that no action to recover damages for an injury to the person, or to personal property caused by negligence, shall be brought but within one year from the date of the injury or neglect complained of. *Held:*

1. That the cause of action stated in the second count of the complaint in the present case, being one for the recovery of damages for personal injuries alleged to have been caused by the negligence of a surgeon in his care and treatment of a broken arm, was barred by this statute, since the action was not brought within one year after the neglect complained of.

2. That the cause of action set forth in the first count, arising out of the same facts but being based upon the alleged breach by the surgeon of his implied obligation to use proper skill and care in his treatment of the arm, was not governed by the same limitation, since it was an action in contract.

Argued November 4th, 1925—decided January 8th, 1926.

ACTION to recover damages for injuries to the plaintiff's arm, alleged to have resulted from negligent and unskillful medical treatment by the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Booth, J.;* verdict for the plaintiff which the court, upon defendant's motion, set aside, and from this decision the plaintiff appealed. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Harrison T. Sheldon* and *William B. Gumbart,* for the appellee (defendant).

MALTBIE, J.  This is an appeal from the granting of a motion to set aside a verdict recovered by the plain-

tiff. The motion states three grounds, that the verdict was contrary to the law and the evidence, that it was excessive, and that the statute of limitations had run against the cause of action. The trial court granted the motion upon the third ground, and the plaintiff appealed. He has, however, failed to have the evidence made a part of the record, and therefore his appeal has no proper standing in court. *McCann* v. *McGuire,* 83 Conn. 445, 76 Atl. 1003. It is true that the substantial matter argued before us was as to the application in this case of the statute of limitation in question, and though we might perhaps find from their briefs and arguments that counsel on both sides are in agreement that this action was not brought within the period prescribed by that statute, still, we could give no decision overruling the trial court; the defendant insists that, aside from the statute, the jury's findings that he was liable to the plaintiff could not be supported upon the evidence in the case, and that claim we cannot review in the absence of the evidence; yet, if the defendant's claim in this respect is sound, the action of the trial court in setting aside the verdict would have to be sustained, whether or not it came to an improper conclusion as to the applicability of the statute. *Fitch* v. *Hartford,* 92 Conn. 365, 102 Atl. 768. We could in no event find error in the action of the trial court in setting aside the verdict, in the absence of the evidence. The result of its decision is, however, to place the action in the way of a retrial; at that trial the question as to the applicability of the statute of limitation in question will of necessity arise; and the parties have fully argued it before us. We feel constrained, therefore, in the interest of speedy justice, to consider it.

The plaintiff is suing the defendant, a surgeon, for pain, suffering, incapacity, expenditures and losses

which he alleges to be due to the failure of the defendant properly to set and treat his broken arm. The complaint is in two counts, the first relying upon the implied obligation of the defendant, arising out of his employment, to use proper skill and care, and the second resting upon the alleged negligence of the defendant in the way in which he set and cared for the arm. Undoubtedly, in such a case, the plaintiff might lay his action either in contract or tort. 1 Swift's Digest, side page 578; 2 Chitty, Pleading (16th Amer. Ed.) p. 27; *Kuhn* v. *Brownfield*, 34 W. Va. 252, 257, 12 S. E. 519. Most of our statutes of limitation in their essential features were enacted long before our present methods of pleading and practice were adopted, and were designed to apply to the various actions known to the common law; and when, after the adoption of our Practice Act, their phraseology was changed, there was no intent to alter their scope in any way. *Miner* v. *McNamara*, 82 Conn. 578, 74 Atl. 933. In 1903 a statute, now appearing as § 6163 of the General Statutes, was enacted, which reads as follows: "No action to recover damages for injury to the person, or for an injury to personal property caused by negligence, shall be brought but within one year from the date of the injury or neglect complained of." The settled construction of this statute is that it applies only to actions to recover damages for injuries caused by negligence, whether to the person or to personal property. *Miner* v. *McNamara, supra; Sharkey* v. *Skilton,* 83 Conn. 503, 506, 77 Atl. 950; *Penobscot Fish Co.* v. *Western Union Telegraph Co.,* 91 Conn. 35, 98 Atl. 341. The cause of action for negligence, stated in the second count, was barred, unless the action was begun within the time fixed by the statute. That fact would not, however, bar the cause of action stated in the first count; for two distinct causes of

action may arise out of one delict, and where that occurs, each is governed by the statute of limitations appropriate to it. *Ferriss* v. *Ferriss,* 1 Root, 365; *Sellers* v. *Noah,* 209 Ala. 103, 95 So. 167; 1 Wood on Limitations (4th Ed.) § 57b. The first count, which states a cause of action for breach of contract, would fall within the provisions of § 6153 or those of § 6158 of the General Statutes, according as the agreement was in writing or rested in parol.

There is no error.

In this opinion the other judges concurred.