## STANLEY SKRZYPIEC
### vs.
## CHARLES Y. BIDGOOD

Superior Court      Litchfield County      File #9431

MEMORANDUM FILED APRIL 14, 1938.

Walter J. Lynch, of Waterbury, for the Plaintiff.

Day, Berry & Howard, of Hartford, for the Defendant.

BALDWIN, J. The plaintiff alleges a breach of contract by the defendant as a physician and surgeon under which contract the defendant was to perform an operation on the plaintiff; that the operation was performed on the 25th day of June, 1936; and that in performing the operation the defendant did not use that skill which was due and proper and as a result the plaintiff was caused suffering and pain and loss of time and expense.

The complaint is dated September 21, 1937 and was served October 1, 1937.

Defendant has set up as a special defense an allegation that the action was not brought within one year from the date of the act or omission complained of.

To this special defense the defendant has demurred, alleging that it is not essential to the cause of action that it be brought within one year from the date of the act or omission complained of.

Defendant in pleading this special defense relies upon the provisions of section 1680c of the Cumulative Supplement to the General Statutes (1935), which are as follows: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, hospital or sanatorium, shall be brought but within one year from the date of the act or omission complained of."

This section is an amendment of sections 6015 and 6016 of the General Statutes, Revision of 1930, and it went into effect July 1, 1935.

The injury here complained of occurred June 25, 1936. This action was brought fifteen months after the alleged breach.

Plaintiff claims that section 1683c of the Cumulative Supplement must be considered in connection with section 1680c and that because of the provisions of section 1683c, section 1680c applies only to actions founded on tort and excludes all other actions and therefore section 1680c would apply to a malpractice action only when founded on tort and would not apply when such action is founded on contract.

Section 1683c is as follows: "Applicability of Provisions. The provisions of section 1677c, 1678c, 1680c, 1681c and

1682c shall apply to any cause of action founded upon a tort upon which action shall not have been brought on or before July 1, 1935, except that it shall not reduce the time within which, prior to July 1, 1935, action might have been brought upon any such cause of action to a period less than one year from July 1, 1935."

The claim which plaintiff makes under section 1683c is based upon a misconception of the effect of this statute. Section 1683c relates to a cause of action founded on a tort, which action had not been brought on or before July 1, 1935, the date when the section went into effect, and the effect of this section was only to extend the period for one year from that date in which such action under any of the sections of the statute therein referred to could be brought.

It should be noted that sections 1678c, 1681c and 1682c, referred to in section 1683c, repealed respectively, sections 6011, 6016 and 6026 of the General Statutes, Revision of 1930, while the other sections referred to in section 1683c were amendatory of certain other sections of the General Statutes and also a combination of some of those sections. The sections repealed and some of those combined provided periods in excess of one year in which the actions related to in such sections could be bought. Having limited in section 1680c the time to one year in which such tort actions could be brought which previously had the benefit of a longer time, the General Assembly provided by section 1683c that such existing rights of action which might have been brought prior to July 1, 1935, should have the benefit of a full year from the date the law went into effect in which such action might be brought.

Section 1680c is broad, clear and inclusive. Under this section an action of malpractice, whether founded on tort or contract, may prevail only if brought within one year from the date of the act or omission complained of.

The case of *Hickey vs. Slattery*, 103 Conn. 716, has been referred to. This action was against a physician in two counts, the first founded on tort and the second on contract. The Court there held that the first count was under section 6015 and expired within one year but that the second count was not under that section and did not expire within one year. The Court has, however, since that decision, reexamined its opinion, and it says in *Tuohey vs. Martinjak*, 119 Conn. 500, at page 507, referring to the Hickey case: "The situation

presented by the case now before us has led us to examine the correctness of this construction. We are necessarily led to the conclusion that §6015 of the General Statutes includes all actions to recover for personal injuries whether due to negligence or not; and in so far as the Hickey case holds to the contrary it must be overruled."

This decision coincides in point of time closely with the adoption of section 1680c.

The demurrer is overruled.