## FRANCIS B. O'NEIL
*vs.*
## HARTFORD NATIONAL BANK AND TRUST COMPANY, EXECUTOR, ET AL.

Superior Court        Hartford County        File No. 70941

MEMORANDUM FILED DECEMBER 30, 1944.

*Joseph P. Cooney,* of Hartford, for the Plaintiff.

*Gross, Hyde & Williams,* of Hartford, for the Defendants.

O'SULLIVAN, J.   The complaint alleges that the plaintiff and his brother, William, of whose will the named defendant is the executor, were joint owners of certain realty.   About March 1, 1932, the plaintiff orally agreed that his brother should have the use and benefit of the property, the latter agreeing that from the income he would pay all taxes and other charges.   Although William collected all the rent, he failed to meet the bills he had promised to pay.   As a result, the plaintiff was compelled to pay out $9,090.23 in 1940, $1,915.53 in 1942, and $1,223.55 in 1943.   Thereafter William died, and this action has been brought to recover these payments from his estate.

The complaint may be said to incorporate, with probably some imperfections, at least three causes of action, namely, one based on the settlement or adjustment of joint accounts between the parties in the joint occupancy of real estate, for which section 6009 of the General Statutes, Revision of 1930, permits the court to take into consideration, in making the settlement, all joint transactions since the time of the last settlement, although more than six years may have elapsed since that event; the second being based on an implied agreement arising in 1940, 1942 and 1943 to reimburse the plaintiff for the sums of money he had expended for the benefit of his cotenant, for which a six-year limitation is provided before the statute tolls; and the third being based on the breach of the oral agreement, made in 1932.

The special defense, alleging that "more than three years elapsed between the accruing of the right of action" as to the payment made in 1940 and the commencement of this action, makes no effort to distinguish the causes of action but addresses itself to the whole complaint.   The demurrer, not to be outdone, challenges the defense in its entirety, rather than as it may be effective against any one of the causes of action.

As a defense to the first two causes, it is worthless, for the statute on implied contracts provides a six-year limitation,

while as to the other cause the shortest limitation is equally one of the same length of time. The apparent purpose of the defense was to set up a bar to any recovery arising from a breach of the oral agreement of 1932.

I am frank to admit some uncertainty as to whether the three-year statute is applicable and because of this uncertainty, I propose to overrule the demurrer, feeling, as I do, that at the time of trial the question, like the snows of yesteryear, will disappear.

But, lest it rear its vexed head, and because I have given considerable thought to the matter, it may serve a useful purpose for the trier to have such benefit as he may obtain from my own consideration of the question.

Section 6010, Revision of 1930, which I shall call the three-year statute, is headed "Action on oral contract to be brought within three years." It then reads: "Except actions for a debt due by book or actions founded on proper subjects of book debt, no action founded upon any express contract or agreement not reduced to writing, or of which some note or memorandum shall not be made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years next after the right of action shall accrue."

Section 6005, Revision of 1930, places a limit of six years within which actions on any simple or implied contract may be instituted, and this I shall call the six-year statute.

Section 6010 was originally enacted in May, 1771, as a section of the Statute of Frauds. There it remained until 1821 when it was removed and incorporated in the chapter devoted exclusively to statutes of limitation. (See Revision of 1821, tit. 59, §5.)

Although a statute limiting the time for bringing an action of debt on book had its origin as far back as 1672, which statute is the sire of the present section 6005, it was not until the Revision of 1821 that mention was made of a limitation of time for instituting actions on simple or implied contracts, the limitation being set at six years. (Revision of 1821, tit. 59, §3.) So far as a modest research discloses, the three-year statute appears in the reported cases before the enactment of the six-year statute but on one occasion.

*Chittington vs. Fowler,* 2 Root 387 (1796) was an action to recover the amount of a loan. The defense set forth that the promise to repay was made more than three years prior to the date of the writ. "This is a contract executed on one part; and the action is laid upon the obligation or promise that the law implies from the transaction.... The statute (now §6010) respects parol executory contracts and agreements which have not been in any part executed." From this it would seem to follow that for those parol agreements where one of the parties has completely fulfilled his obligation, the statute is inapplicable.

The next case involving the statute was *Baker vs. Lee,* 52 Conn. 145. When this was decided the six-year statute had been enacted. Baker and Lee had orally settled a quarrel as to the ownership of certain timber, the former abandoning his claim to it, in consideration of which the latter agreed to pay him $65. Baker performed his agreement but the defendant refused to pay the money. To a complaint setting forth these facts and seeking money damages the defendant pleaded as a defense that more than three years had elapsed since his promise was made. Thus, he expressly relied on what is now section 6010. The court held that the action was for a money demand founded upon an executed simple contract and that the three-year statute was no defense. "An action on a contract within the seventh section (which is now §6010) we understand to mean an action on an executory contract; as where one party is ready and willing to perform and the other party refuses to perform. In such cases an action is brought, not to recover a sum certain, fixed and made certain by the terms of the contract, but uncertain or unliquidated damages for a non-performance." (p. 146.)

Were there no further cases on the matter, the law, I take it, would be that not every oral agreement is subject to the three-year statute, and that included among those not so affected are those oral agreements where a party has completely performed his end of the bargain and the offending party's sole obligation is to pay a definite sum in money. While the *Baker* case does not discuss it, I would venture the opinion that the statute would likewise be inapplicable where the recovery sought is not for a specific amount but for a sum which could be ascertained from fixed data by computation or could be reduced to certainty. 1 Chit. Pl. 108; *Carrol vs. Green,* 92 U.S. 509, 513.

Perhaps, an illustration, although often a dangerous method of explanation, might fix the distinction that the *Chittington* and *Baker* cases seem to make. If I orally agree to sell to my neighbor a book for $5 and I fail to deliver it to him, the agreement is wholly executory, because each has failed to honor his promise. In that situation, my neighbor could take advantage of the three-year statute, if the necessary time had elapsed. However, if I deliver the book to him upon his promise to pay me $5, the three-year statute would be inapplicable, for now I would have completely performed my promise and would be seeking to recover a definite sum. If, in the latter instance, my neighbor had promised to pay the reasonable value of the book, the same situation, it seems to me, would prevail, because its value could readily be reduced to certainty.

However, two recent cases appear to take a different view of the distinction between section 6005 and section 6010. *Hickey vs. Slattery*, 103 Conn. 716, 720; *Jakiela vs. Ellison*, 114 *id.* 731, 732. These cases apparently hold that section 6005 applies only to written contracts while section 6010 refers only to oral agreements. See *Hickey vs. Slattery*, p. 720. The *Jakiela* case presented a situation quite similar to that in the *Baker* case. Jakiela, who was an employee of the defendant, was injured by the latter's negligence. The parties agreed orally that if Jakiela would waive his claim for damages, the defendant would pay him $15 a week during his incapacity, would assume his medical and hospital bills, and would re-employ him when he was able to resume work. Relying upon this promise, Jakiela did not bring suit but the defendant refused to employ him when he had recovered. The court held that the applicable statute of limitation was the one limiting to three years any cause of action upon an agreement not in writing or evidenced by some written note or memorandum signed by the party to be charged therewith.

The only difference that seems to exist between the *Jakiela* and the *Baker* cases is that the latter involved a definite amount in dollars. Nevertheless, the damages sought in the *Jakiela* case could have been ascertained with certainty.

It would seem that the real distinction between sections 6005 and 6010 cannot be arbitrarily set by holding that the former is concerned with written and the latter with oral contracts. Oral contracts may be limited to section 6010, but obviously section 6005 is applicable to other contracts than those that

arc written. This must be so, for it refers to any simple or implied contract, and an implied contract almost universally is not based on a writing. An implied contract is one which is inferred from the conduct of the parties though not expressed in words. *Collins vs. Lewis*, 111 Conn. 299, 304.

I have expressed my thoughts to this length only to indicate the uncertainty that exists in my mind as to the validity of the special defense to that cause of action based on an oral agreement. I think it wiser under the circumstances to overrule the demurrer. For whatever it may be worth, the suggestion is also made that the plaintiff add to his *ad damnum* a claim for an accounting.

The demurrer is overruled.