[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a motor vehicle accident in which the plaintiff asserts that she was injured as a result of the tortious conduct of the defendants. In the first count of her complaint, the plaintiff alleges that the defendants were negligent in the operation of their motor vehicle.[1] in the second count, the plaintiff claims they were reckless and she has requested double and treble damages pursuant to General Statutes § 14-295. The defendants have moved to strike the second count of the complaint and the prayer for relief under § 14-295
on the grounds that the complaint's factual allegations do not properly state a claim of recklessness.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214 (1992).
The defendants assert that the second count of the complaint which alleges recklessness relies on the same facts alleged in the first count which asserts negligence. The defendants argue that a claim of recklessness cannot be established by relying upon the same facts used to establish negligence.
It is certainly true, as the defendants assert, that factual allegations which constitute no more than simple negligence cannot be CT Page 6131 transformed into claims of reckless misconduct merely by labeling them as such. Brown v. Branford, 12 Conn. App. 106, 110 (1987). It is also true however that the same facts can appropriately constitute two distinct causes of action. Hickey v. Slattery, 103 Conn. 716, 719-720
(1926) overruled on other grounds, Hitchcock v. New Haven Trust Co.,134 Conn. 246, 259 (1947), overruled on other grounds, Tuohey v.Martinjak, 119 Conn. 500, 507 (1935), and Dean v. Hershowitz, 119 Conn. 398
(1935). The question, therefore, is not whether the plaintiff is required to allege facts in addition to those asserted with respect to her claim of negligence. She is not. The question is whether the factual allegations asserted by the plaintiff with respect to her claim of recklessness are sufficient, if proven, to constitute recklessness. The court finds that they are.
Reckless conduct is highly unreasonable conduct, involving an extreme departure from ordinary care, where a high degree of danger is apparent.Dubay v. Irish, 207 Conn. 518, 533 (1988). The plaintiff in the second count of her complaint alleges that the defendant Joshua Hamer, while operating the automobile owned by the defendant Carrol Hamer, crossed the highway dividing line, putting his vehicle directly in the path of the plaintiff's vehicle. The plaintiff further alleges that the defendant Joshua Hamer was operating the automobile at a rate of speed so as to endanger the life of any occupant of such motor vehicle. Construing these facts in a light most favorable to the plaintiff, the plaintiff is claiming that the defendant Joshua Hamer was operating his automobile at an excessive and dangerous rate of speed which caused his car to cross the center line and directly into the path of the plaintiff. Should such allegations be proven, a finder of fact could reasonably and legally conclude that the defendant's conduct was highly unreasonable, involving an extreme departure from ordinary care, where a high degree of danger was apparent.
The plaintiff has also complied with the pleading requirements of General Statutes § 14-295 by specifically pleading that the defendants have, with reckless disregard, operated their motor vehicle in violation of one of the motor vehicle statutes enumerated therein. Specifically, the plaintiff has alleged that the defendants recklessly violated § 14-218a by operating their motor vehicle at a rate of speed greater than was reasonable having regard to the width, traffic and use of the highway; § 14-219 by operating their motor vehicle at a rate of sped as to endanger the life of any occupant of such motor vehicle; § 14-222 by operating their motor vehicle in a reckless manner; and § 14-230 by failure to drive right of the center line.
In light of the above, the defendants' motion to strike the second count of the plaintiff's complaint and its prayer for relief under § CT Page 613214-295 is denied.
BY THE COURT
Judge Jon M. Alander