JAMES R. LOMBARD ET AL. *v.* EDWARD J.
PETERS, JR., P.C., ET AL.
(AC 22109)

Dranginis, Flynn and West, Js.

Argued October 29, 2002—officially released September 9, 2003

*Paul H. D. Stoughton,* for the appellants (plaintiffs).

*Dana M. Horton,* with whom, on the brief, was *David S. Williams,* for the appellee (defendant Meadows Condominium of Middletown Association, Inc.).

*Opinion*

DRANGINIS, J. The plaintiffs, James R. Lombard and Lombard Associates, Inc., appeal from the judgment of the trial court rendered after the court granted the motion for summary judgment filed by the defendant Meadows Condominium of Middletown Association, Inc.[1] On appeal, the plaintiffs claim that the court improperly granted the defendant's motion for summary judgment when it determined that the plaintiffs' action was barred by the two year statute of limitations set forth in General Statutes § 52-584.[2] We affirm the judgment of the trial court.

Our Supreme Court set forth the facts and procedural history of this case in *Lombard* v. *Edward J. Peters,*

---

[1] The plaintiffs' original complaint named Edward J. Peters, Jr., P.C., and Meadows Condominium of Middletown Association, Inc., as defendants. On July 18, 2000, Patricia Peters, executrix of the estate of Edward J. Peters, was substituted as a defendant. This appeal concerns only Meadows Condominium of Middletown Association, Inc., and unless otherwise indicated, all references hereinafter to the defendant in this opinion are to Meadows Condominium of Middletown Association, Inc.

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

*Jr., P.C.*, 252 Conn. 623, 749 A.2d 630 (2000). "The Superior Court appointed [the law firm of attorney Edward J. Peters, Jr.] as the committee to conduct a foreclosure sale of certain condominium units located in a common interest community in Middletown called Meadows Condominium. The Federal Deposit Insurance Corporation (FDIC) was the successful bidder at the foreclosure sale and purchased the foreclosed property. [Peters' law firm] conveyed the foreclosed property to the FDIC by a committee deed, which accurately described the foreclosed property purchased by the FDIC. After the sale had been approved by the court, the defendant orally incorrectly identified a garage unit owned by the plaintiffs, James R. Lombard and Lombard Associates, Inc., as being part of the property that had been foreclosed by the lienholder and purchased by the FDIC. In actuality, the plaintiffs' garage unit had been neither foreclosed nor subject to any foreclosure or sale. The FDIC, having been so misled, thereafter entered the plaintiffs' garage unit and took possession of [and, on or about May 13, 1994] sold certain personal property of the plaintiffs that was stored therein. The stored personal property consisted of business equipment, books and records." Id., 625.

Subsequently, in May, 1997, the plaintiffs filed a four count complaint in which they sought monetary relief for the wrongful seizure and sale of their personal property. Counts one and three of the plaintiffs' complaint set forth a cause of action against Peters' law firm for malpractice and conversion, respectively. The second and fourth counts of the complaint alleged negligent misidentification and conversion against the defendant. Thereafter, Peters' law firm and the defendant filed motions to strike the first, third and fourth counts. On December 5, 1997, the court granted the motions. The plaintiffs appealed from the court's judgment striking count one. Our Supreme Court reversed the judgment

of the trial court, finding that the trial court incorrectly had determined that the doctrine of qualified immunity shielded Peters' law firm from liability on that claim.

On August 9, 2000, the plaintiffs filed a two count amended complaint against the defendant Patricia Peters, executrix of the estate of Edward J. Peters, Jr., and the defendant. Count two was directed at the defendant and is the subject of this appeal. The second count of the amended complaint is the same as it was in the original complaint and alleges that as a result of the defendant's negligent misidentification of the plaintiffs' garage unit as having been subject to the foreclosure sale, the plaintiffs suffered a loss of personal and corporate property. In response to the amended complaint, the defendant filed an answer together with a special defense that asserted that the plaintiffs' second count was barred by the applicable statute of limitations, § 52-584, because the plaintiffs' cause of action was instituted more than two years after the alleged tortious act or omission. The defendant thereafter filed a motion for summary judgment on those grounds. The plaintiffs argued in response that the three year limitation period of General Statutes § 52-577 should control. The court determined that § 52-584 governed and granted the defendant's motion for summary judgment, and that decision serves as the basis of this appeal.

The plaintiffs claim that the court improperly determined that as a matter of law, the defendant's special defense of the statute of limitations contained in § 52-584 bars the plaintiffs' recovery for negligent misidentification. We disagree.

Before addressing the merits of the plaintiffs' claim, we first set forth the applicable standard of review of a court's decision to grant a motion for summary judgment. "On appeal, [w]e must decide whether the

trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"A material fact is a fact that will make a difference in the outcome of the case. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . ." (Internal quotation marks omitted.) *Christian* v. *Gouldin*, 72 Conn. App. 14, 18–19, 804 A.2d 865 (2002). Furthermore, as a general rule, summary judgment may be rendered where the claim is barred by the statute of limitations. *Raynor* v. *Hickock Realty Corp.*, 61 Conn. App. 234, 237, 763 A.2d 54 (2000). "Because the matter of whether a party's claim is barred by the statute of limitations is a question of law, we review the [plaintiffs' claim] de novo." *Lenares* v. *Miano*, 74 Conn. App. 324, 330, 811 A.2d 738 (2002).

Initially, we note that in determining which statute of limitations applies, we look to the nature of the right alleged rather than to the form of the action or to the relief demanded. *D'Agostino* v. *D'Addio*, 6 Conn. App. 187, 188, 504 A.2d 528, cert. denied, 199 Conn. 805, 508 A.2d 32 (1986). In its memorandum of decision, the court construed the action as one sounding in negligent misidentification and granted the defendant's motion for summary judgment on the ground that the plaintiffs' action was barred by the two year statute of limitations in § 52-584. The plaintiffs agree with the court that the nature of their claim sounds in negligent misrepresentation. They disagree, however, with the court's determination that § 52-584 applies rather than § 52-577,[3] the three year general tort statute of limitations. The plaintiffs claim that legislative history supports their contention that the legislature never intended § 52-584 to apply to negligent misrepresentation claims. The plaintiffs cannot prevail on their claim.

The plaintiffs assert that before we determine whether, as a matter of law, their claim was subject to the two year statute of limitations in § 52-584 or the three year statute of limitations in § 52-577, we must first distinguish whether they stated a claim sounding in "trespass" or "trespass on the case." We recognize that "[a] common-law trespass provides a remedy for all forcible, direct and immediate injuries, whether to a person or to property—or in other words, for the kind of conduct likely to lead to a breach of the peace by provoking immediate retaliation. . . . Trespass on the case provides a remedy for obviously wrongful conduct resulting in injuries which were not forcible or not direct." (Citation omitted; internal quotation marks omitted.) *Falco* v. *Institute of Living*, 50 Conn. App.

---

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

654, 664 n.12, 718 A.2d 1009 (1998), rev'd on other grounds, 254 Conn. 321, 757 A.2d 571 (2000); see also *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 52 n.2, 578 A.2d 1054 (1990). In their brief and at oral argument before this court, the plaintiffs essentially argue that as a matter of statutory construction, § 52-577, not § 52-584, applies because the defendant did not physically or directly damage their property and, therefore, because the damage to the property was consequential, they stated a claim that derives from the common-law doctrine of "trespass on the case."

Resolution of the issue requires statutory construction, and our review is therefore plenary. *Boynton* v. *New Haven*, 63 Conn. App. 815, 819, 779 A.2d 186, cert. denied, 258 Conn. 905, 782 A.2d 136 (2001). "It is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Rosengarten* v. *Downes*, 71 Conn. App. 372, 379, 802 A.2d 170, cert. granted on other grounds, 261 Conn. 936, 806 A.2d 1066 (2002) (appeal dismissed December 31, 2002). "In applying [the] principles [of statutory construction], we keep in mind that the legislature is presumed to have intended a reasonable, just and constitutional result." *Gelinas* v. *West Hartford*, 65 Conn. App. 265, 276, 782 A.2d 679, cert. denied, 258 Conn. 926, 783 A.2d 1028 (2001). Additionally, "[w]ords in a statute must be given their plain and ordinary meaning . . . unless the context indicates that a different meaning was intended." (Internal quotation marks omitted.) *Cimochowski* v.

*Hartford Public Schools,* 261 Conn. 287, 307, 802 A.2d 800 (2002).

Section 52-584 applies to actions "to recover damages for *injury* to the person, or to *real or personal property, caused by negligence,* or by reckless or wanton misconduct . . . ." (Emphasis added.) Section 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

After our review, we are persuaded that the plain language of the two statutes reveals that the legislature intended that actions to recover for damages for injury to personal property caused by negligence come within the ambit of § 52-584. "Our inquiry to determine legislative intent, however, does not end with the language of the statute." *Schiano* v. *Bliss Exterminating Co.,* 260 Conn. 21, 36, 792 A.2d 835 (2002). As previously mentioned, we look to other factors for guidance, such as legislative history and relevant case law.

Section 52-577 originally was enacted in 1821. *Sanborn* v. *Greenwald,* 39 Conn. App. 289, 300, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). That section provided: "No action of trespass on the case shall be brought but within six years next after the right of action shall accrue." (Internal quotation marks omitted.) Id. The Supreme Court explained in *Miner* v. *McNamara,* 82 Conn. 578, 580, 74 A. 933 (1909), that the language of the statute had been changed in 1888. When the legislature revised the statute, the new language eliminated the distinction between trespass and trespass on the case. Id. Hence, the legislature substituted the statute's reference to "action of trespass on the case" with "[n]o action founded upon a tort unaccompanied with force and where the injury is consequential . . . ." Id. That section still allowed such actions to "be brought but within six years next after

the right of action shall accrue." Id. In 1949, General Statutes (1949 Rev.) § 8316 eliminated the phrase, "unaccompanied with force and where the injury is consequential." In addition, the statutory time limitation was changed from six years to three years. General Statutes (1949 Rev.) § 8316. The legislature has not made any changes to § 52-577 since that time.

The genesis of § 52-584, on the other hand, can be found in 1853 legislation providing for recovery in negligence against railroad companies. See *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 112, 58 A. 709 (1904). The statute has been amended several times to broaden its application to actions for personal injuries caused by the negligence of municipal and other corporations. The statute later was amended in 1903. See id. As amended, removed from the statute were the words, "against a municipal or other corporation." See id. The statute remained unchanged until 1949 when the legislature amended the statute so as to extend to liability "caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, chiropodist, chiropractor, hospital or sanatorium . . . ." General Statutes (1949 Rev.) § 8324. The present statute is in substantially the same form as the 1949 version, the only material change is to the limitations period, which changed the time that a cause of action could be brought from one year to two years.

The plaintiffs claim that the historical evolution of the two statutes demonstrates that § 52-577 is the direct descendant of the early common-law action of trespass on the case and that because their claim is in the nature of one in trespass on the case, as the injuries to their property were not "forcible and direct," § 52-577 should have been deemed to apply to their claim. We disagree.

First, we observe that modern tort law "has almost completely abandoned the artificial classification of

injuries as direct or indirect, and looks instead to the intent of the wrongdoer, or to negligence." W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 6, p. 30. Second, and more importantly, our Supreme Court in *Miner* v. *McNamara*, supra, 82 Conn. 578, rejected the same argument that the plaintiffs now posit. In that case, the plaintiffs claimed that the trial court had applied the predecessor to § 52-584 wrongly when it should have applied the predecessor to § 52-577, where the defendants' negligence was unaccompanied by force, and where the resulting injury to the plaintiffs' property was consequential and not immediate. The Supreme Court disagreed and affirmed the judgment, concluding that the plaintiffs' claim for damages for injuries to personal property caused by negligence was governed by the predecessor to § 52-584.

Although, the plaintiffs contend that the defendant's tortious act was the negligent misidentification of the plaintiffs' property to the FDIC, not the negligent handling of the property itself, we conclude that where the plaintiffs' claim is predicated on injury to their personal property caused by negligence, it is clear that they have brought a claim within the purview of § 52-584. Finally, our Supreme Court has held that the three year statute of limitations of § 52-577 "is applicable to all tort actions other than those excepted therefrom by § 52-584 or other sections"; *Lambert* v. *Stovell*, 205 Conn. 1, 4, 529 A.2d 710 (1987); which buttresses our conclusion. Accordingly, we conclude that § 52-584 applies to claims of negligent injury to property and, therefore, that the two year statute of limitations governs this case.

Additionally, this case is controlled by *Nardi* v. *AA Electronic Security Engineering, Inc.*, 32 Conn. App. 205, 210-11, 628 A.2d 991 (1993), in which we stated that claims of negligent injury to property are governed by § 52-584. In that case, the plaintiffs claimed, inter alia, that a telephone company had been negligent in

installing a jack for a burglar alarm system. Thereafter, the plaintiffs' home was burglarized. In their action against the telephone company, the plaintiffs maintained that the injury alleged occurred when the telephone company failed to test the jack and to inform them that the jack was connected to the wrong line. The court ruled that the plaintiffs' failure to bring their case within the statute of limitations found in § 52-584 barred their action for damage to their property. We see no reason, therefore, to depart from our previous interpretation that this section applies to claims of negligent injury to property.

Here, the negligent actionable harm occurred on or about May 13, 1994, when, with the aid of the defendant, the FDIC entered the garage and seized the plaintiffs' property. The plaintiffs did not commence their action, however, until May 5, 1997, which is nearly one year beyond the time period permitted by § 52-584. The court's determination to grant the defendant's motion for summary judgment on the ground that the action was time barred by § 52-584 was proper and, accordingly, the court's conclusion was correct that the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.