[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action arises out of a law suit instituted by the plaintiff, as an employee of a subcontractor on a construction project, to recover damages for personal injuries claimed to have been received when the plaintiff fell down a flight of stairs. The law suit was instituted against Research Park Properties, Inc. ("Research"), as owner, and the Turner Construction Company ("Turner") as the general contractor. The plaintiff's employer, McElvery Electrical Contractors ("McElvery") filed an Intervening Complaint seeking to recover sums paid under the Worker's Compensation Act. The defendants (Research and Turner) filed a Counterclaim against McElvery seeking indemnification, based upon an indemnity provision contained in the contract and upon an active/passive tort feasor theory for all sums found to be due to the plaintiff from the defendants. McElvery has now moved for a Summary Judgment with respect to the Counterclaim asserting that; (1) the Counterclaim is barred by the applicable statute of limitations; (2) the Counterclaim is based upon an indemnity agreement which is against public policy and therefore void pursuant to the provisions of General Statutes Section 52-572k and (3) the claim is barred by the exclusivity provisions of the Worker's Compensation Act.
McElvery claims injuries in the present action occurred in December of 1985, and therefore, a Counterclaim brought in August of 1990 is barred by the provisions General Statutes Section 52-584
which requires that an action in negligence be brought within two years from the date when the injury is first sustained or discovered in any event, not more than three years from the act or omission complained of. Causes of action for indemnification ordinarily does not exist between joint tortfeasors but may exist by virtue of a duty imposed by an independent legal relationship between the parties. Atkinson v. Berloni, 23 Conn. App. 325, 328
(1990). In the present action, such an independent legal duty is claimed to exist by virtue of a contract existing between the defendants and McElvery. The fact that a cause of action, in CT Page 2614 negligence, may be barred by the provisions of the statute of limitations applicable to such actions would not mean that a contract action could not be asserted as a result of a claimed breach of the independent legal relationship. See Hickey v. Slattery, 103 Conn. 716, 719-720 (1926). Accordingly the cause of action asserted by the defendants are claimed to arise from a contractual relationship between the parties and would not be barred by the statute of limitations applicable to negligence actions.
The Counterclaim is based upon a contractual provision contained in a contract between Turner and McElvery which provides in part, as follows:
 "ARTICLE XXIII. The Subcontractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons, whether employees of the Subcontractor or otherwise, and to all property caused by, resulting from, arising out of or occurring in connection with the execution of the Work. Except to the extent, if any, expressly prohibited by statute should any claim for such damage or injury (including death therefrom) be made or asserted whether or not such claims are based upon Turner's or the Owners alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of Turner or the Owner, the Subcontractor agrees to indemnify and save harmless Turner and the Owner, their officers, agents, servants and employees from and against any and all such claims and further from and against any and all loss, expense, liability, damage or injury, including legal fees and disbursements, that Turner and the Owner, their officers, agents, servants and employees may directly or indirectly sustain, suffer or incur as a result thereof. . .
The plaintiff claims that the above quoted provision of the contract is invalid by virtue of General Statutes Section 52-572k
which provides;
 "(a) Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto including moving, demolition and excavating in connection therewith, that purports to indemnify or hold harmless a promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or his CT Page 2615 agents or employees is against public policy and void, provided this section shall not affect the validity of any insurance contract, Worker's Compensations agreement or other agreement issued by a licensed insurer." (Emphasis supplied).
A review of the above quoted statute reveals that the provisions apply to indemnity agreements resulting from "sole negligence" of the promisee. No affidavits or documents have been submitted to Court relating to the issue of whether or not the facts of this case concern a situation in which the defendants are seeking indemnification for damages caused by their sole negligence. The indemnity language contained in the contract does not compel the conclusion that indemnity is provided for damages resulting from the sole negligence of the defendants. Accordingly, the determination of whether the statute bars the present claims must await further factual development.
McElvery also claims that the action against it is barred by the exclusivity provisions of the Worker's Compensation Act. "When the third party, in a suit by the employee, seeks recovery over against a contributory negligence employer, contribution (or indemnification) is ordinarily denied on the ground that the employer cannot be said to be jointly in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, of if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation such as an employer-tenant's express agreement to hold a third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a "primary wrongdoer" impliedly promises to indemnify a "secondary wrongdoer", the great majority of jurisdictions disallow this claim. Ferryman v. Groton,212 Conn. 138, 144-145 (1989).
In the present case the claims asserted by the defendants are based upon an independent contractual legal relationship and accordingly a summary judgment would not be appropriate.
Accordingly, the Motion for Summary Judgment is denied.
RUSH, JUDGE