[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT #161
On September 3, 1992, the plaintiff, Albert Sandella, filed a four-count revised complaint against the defendants, Dick Corporation (Dick Corp.), Maguire Group, Inc. (Maguire), and Metcalf and Eddy Services, Inc. (Metcalf). Count one alleges negligence against Dick Corp. Count two alleges negligence against Maguire. Count three alleges negligence against Metcalf. Count four alleges a loss of consortium claim against all three defendants. The following facts are alleged in the revised complaint.
On July 19, 1990, Dick Corp. was engaged in the construction of a water treatment facility for the Town of North Haven. CT Page 7771 Maguire was engaged in the design of the building and Metcalf was engaged in operating the facility. On July 19, 1990, catatonic polymers, a chemical substance used in the operation of the facility, were being stored in the building. The plaintiff alleges that the polymers leaked onto the floor and were spilled throughout the building by various workers. On July 19, water leaked from a hose and combined with the spilled polymers on the floor forming a slippery substance.
The plaintiff, an employee of the Town of North Haven, noticed the slippery substance on the floor and requested Roy Collins, an agent, servant, and/or employee of Metcalf, to have Dick Corp. clean up the floor. The plaintiff then alleges that he slipped and fell on the substance receiving various personal injuries.
On August 24, 1993, Metcalf filed a two count cross-claim against Maguire seeking indemnification from this defendant for any liability that Metcalf may incur as a result of the plaintiff's action. Metcalf alleges in the first count of the cross-claim that on or about March 29, 1990, Metcalf and Maguire entered into an agreement whereby Metcalf agreed to provide an interim plant manager for the water treatment facility. Pursuant to the agreement, "Maguire agreed to hold Metcalf Eddy harmless and to indemnify it from any loss, liability, claims or damages which arises from (1) any failure by Maguire or any third party to comply with the law or applicable rules and regulations or (2) actions or performance of services by Metcalf Eddy under the Agreement." Accordingly, Metcalf alleges in the first count of the cross-claim a cause of action for contractual indemnification.
In the second count of the cross-claim, Metcalf alleges that Maguire is liable for common law indemnification because Maguire's negligence was the sole cause of the plaintiff's injures, Maguire was in control of the situation to the exclusion of Metcalf. Metcalf had no reason to know of or anticipate Maguire's negligence, and Metcalf could reasonably rely on Maguire not to be negligent.
On August 18, 1994, Maguire moved for summary judgment on the plaintiff's claims. The court in Sandella v. Dick Corp., Superior Court, judicial district of New Haven, Docket No. 335582 (June 1, 1995, Hartmere, J.) found that Maguire was immune from liability under General Statutes § 31-293 (c)[1] of the Workers' CT Page 7772 Compensation Act, and, therefore, granted Maguire's motion for summary judgment.
Maguire now moves this court for summary judgment on Metcalf's cross-claim. Maguire filed its motion for summary judgment, a supporting memorandum of law, the Metcalf/Maguire agreement, and the affidavit of James Fritz, Maguire's senior vice president, and later a supplemental memorandum of law.
Subsequently, Metcalf filed a memorandum of law in opposition, the Metcalf/Maguire agreement, the affidavit of Eric Teittinen, Metcalf's vice president, a copy of Metcalf's cross-claim against Maguire, and copies of various Connecticut Superior Court decisions.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994).
Maguire asserts four arguments in support of its motion. First, Maguire argues that the court should grant its motion on Metcalf's claim for contractual indemnification because the indemnification clause contained in the Metcalf/Maguire agreement is void as against public policy and unenforceable. Second, Maguire argues that the court should grant its motion as to Metcalf's claim for common law indemnification because the law precludes application of this doctrine to the case. Third, Maguire asserts that it cannot be found negligent and, therefore, liable for indemnification because the court in Sandella v. DickCorp., Superior Court, judicial district of New Haven, Docket No. 335582 (June 1, 1995, Hartmere, J.) already held that Maguire was not responsible for the safety of the construction site. Fourth, Maguire argues that since the court in Sandella v. Dick Corp.,
Superior Court, judicial district of New Haven, Docket No. 335582 (June 1, 1995, Hartmere, J.) found that Maguire was immune from liability under General Statutes § 31-293 (c), it cannot now be forced to indemnify Metcalf for damages that Metcalf may have CT Page 7773 to pay to the plaintiff because this immunity extends to all claims made against Maguire relating to the plaintiff's action.
I. Contractual Indemnification
The agreement between Maguire and Metcalf provides that "Maguire shall indemnify ME, its stockholders, directors, officers and employees . . . from any loss, liability, claims or damages including reasonable attorney's fees, which arises from any: 1. Failure by Maguire or any third party to comply with the law or applicable rules and regulations. 2. Actions or performance of services by ME under this agreement." Since the court in Sandella v. Dick Corp., Superior Court, judicial district of New Haven, Docket No. 335582 (June 1, 1995, Hartmere, J.) already found that Maguire is immune from liability under § 31-293 (c), the question is whether this immunity extends to Metcalf's cross-claim for contractual indemnification.
Section 31-293 (c) provides a construction design professional with immunity from. suit if workers compensation is payable to the injured party and if the design professional did not assume responsibility for worksite safety. Similar to §31-293 (c), § 31-284 (a),[2] also contained in the Workers' Compensation Act, "grants employers immunity from. liability for personal injuries sustained by employees in the course of employment." Sullivan v. State, 189 Conn. 550, 557 (1983). Since both statutes are analogous, (the both provide immunity from liability to specific classes of persons under the Worker's Compensation Act) the case law interpreting the employer's immunity and the employer's duty to indemnify third parties found liable for the employee's injuries is helpful in interpreting the extent of Maguire's immunity under § 31-293 (c).
In Ferryman v. Groton, 212 Conn. 138 (1989), an employee sued a third party for negligence and that third party filed a third party complaint seeking indemnification against the employer. In that case, the estate of Michael Ferryman brought suit against the City of Groton. Id., 139. Ferryman was an employee of the Electric Boat Division of General Dynamics Corporation (Electric Boat) and was electrocuted while cutting the grass inside an electric substation allegedly owned by City of Groton. Id., 139-40. The City of Groton then filed a third party complaint, seeking indemnification, against Electric Boat and another Electric Boat employee alleging that Electric Boat controlled, owned and maintained the substation. Id., 140. Electric Boat then CT Page 7774 filed a motion to strike claiming that the immunity provided to it under § 31-284 (a) barred the prosecution of the third party complaint. Id., 141. The trial court granted the motion to strike. Id.
The Connecticut Supreme Court, in reversing the trial court, stated that "[w]hen the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, . . . indemnification is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care. . . ." Id., 144-45. The court concluded that since the third party complaint stated that the City of Groton and Electric Boat co-owned the substation, the City of Groton sufficiently alleged that an independent legal duty existed between the parties allowing the City of Groton to seek indemnification from Electric Boat despite the immunity provided to Electric Boat under § 31-284 (a). Id., 145-47.
Maguire, similar to Electric Boat, claims that the immunity provided to it under § 31-293 (c) precludes Metcalf's indemnification action. Metcalf and Maguire, however. entered into an agreement which provides that Maguire will indemnify Metcalf for losses or liability incurred by Metcalf. This agreement formed a contract of indemnity between Maguire and Metcalf which imposes an independent legal duty upon Maguire for the benefit of Metcalf. See McElvery v. Research Park Properties.Inc., Superior Court. judicial district of Stamford/Norwalk at Stamford, Docket No. 091552 (March 23, 1992. Rush, J.,7 CSCR 410, 411) (holding that a contract of indemnity establishes an independent legal duty between the parties allowing a third party to seek indemnification from an employer who is otherwise immune from liability under the Workers Compensation Act.); see alsoDunn v. F J Construction Corp., Superior Court, judicial district of New London, Docket No. 512464 (January 9, 1991, Axelrod, J.) (holding that a third party, who was being sued by an employee for injuries received during the course of his CT Page 7775 employment, could bring suit against the employer for indemnification because an independent legal duty existed since the employer and the third party possessed a contract whereby the employer agreed to indemnify the third party for any losses or liabilities incurred.) Therefore, since Maguire owes an independent legal duty to indemnify Metcalf under the Metcalf/Maguire contract, the immunity provided to Maguire under § 31-293 (c) does not extend to Metcalf's claim for contractual indemnification.
Since Metcalf may seek indemnification from Maguire under their contract, the enforceability of the indemnification clause must be determined. General Statutes § 52- 572k provides in relevant part "[a]ny covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction . . . of any building . . . that purports to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons . . . caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void . . . ."
Eric Teittinen, Metcalf's vice president, avers in his affidavit that "[o]n or about March 5, 1990 through on or about June 8, 1990, ME acted as Maguire's agent to provide management services during construction activities at the Facility." The Metcalf/Maguire contract states that Metcalf will provide an interim plant manager from March 5, 1990 to June 8, 1990. The plaintiff's injuries, however, occurred on July 19, 1990. Maguire could extend the contract by providing Metcalf with written notice. The parties, however, have not submitted any documentation demonstrating that Maguire extended the contract, and if so, whether the parties altered the contract's terms, or whether the subject matter of the contract changed. Accordingly, a genuine issue of material fact exists as to whether, at the time of the plaintiff's accident on July 19, 1990, Metcalf and Maguire possessed a contract in connection with the construction of a building as defined in § 52-572k. Therefore, since Metcalf is permitted to bring a contractual indemnification claim against Maguire and because the court, at this time, cannot determine if Metcalf and Maguire possessed a contract on July 19, 1990 in connection with the construction of a building as defined in § 52-572k, the court cannot find that indemnification clause contained in the Metcalf/Maguire contract is unenforceable. CT Page 7776
Maguire also argues that since the court in Sandella v. DickCorp., Superior Court, judicial district of New Haven, Docket No. 335582 (June 1, 1995, Hartmere, J.) already found that Maguire was not responsible for the safety of the worksite, Maguire cannot be found negligent, and, therefore, Maguire cannot be required to indemnify Metcalf. The issue before the court inSandella v. Dick Corp., Superior Court, judicial district of New Haven, Docket No. 335582 (June 1, 1995, Hartmere, J.), however, was whether § 31-293 (c) provided Maguire with immunity from liability and not whether Maguire was negligent. Accordingly, the court denies Maguire's motion for summary judgment as to the first count of Metcalf's cross-claim since the court cannot determine if § 52-572k precludes enforcement of the parties' indemnification clause, and because it has not been determined whether Maguire negligently caused the plaintiff's injuries causing it to be liable to Metcalf for indemnification under their contract.
II. Common Law Indemnification
In the second count of the cross-claim, Metcalf alleges that Maguire is liable for common law indemnification. The court inFerryman v. Groton, supra, 212 Conn. 142- 43 set forth this common law theory. In that case, the court stated, "`[w]here . . . one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury."' (Internal quotation marks omitted.) Id., quoting Preferred Accident Ins.Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 543
(1947). "Under the circumstances described, we have distinguished between active or primary negligence, and passive or secondary negligence." (Internal quotation marks omitted.) Id., 143.
In Ferryman v. Groton, supra, 212 Conn. 145-46, the court held that although a third party, who is being sued by an employee for injuries incurred during the course of employment, may bring suit against an immune employer for indemnification if there is an independent legal duty, the third party may not sue that employer under the common law theory of indemnification. According to Ferryman v. Groton, supra, 145, the active or primary negligence versus the passive or secondary negligence CT Page 7777 principles of the common law theory of indemnification are insufficient to establish an independent legal duty. Accordingly, a party who is immune from suit under the Workers' Compensation Act may not be sued for indemnification under the common law. Id., 145, Since Maguire possesses immunity under § 31-292 (c) of the Workers' Compensation Act, Metcalf may not bring an action for common law indemnification against Maguire. Therefore, the court grants Maguire's motion for summary judgment as to the second count of Metcalf's cross-claim.
Samuel S. Freedman, Judge