COLUMBIA RECORDS, INC. v. J. C. BRADLEY & SON, INC.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 80769

Memorandum filed May 11, 1950.

*Marsh, Day & Calhoun,* of Bridgeport, for the Plaintiff.

*Joseph G. Shapiro,* of Bridgeport, for the Defendant.

KING, J.  The present action was commenced on November 23, 1949.  It charges breach of a contract on the part of the defendant, an insurance agency, to procure insurance coverage against damage from the accidental breakage of pressure piping on the plaintiff's property.  The contract sued upon is alleged to have been entered into on or about January 26, 1948, the policy to have been delivered on or about January 30, 1948, the loss to have occurred on or about August 20, 1948, and the written disclaimer of coverage to have been given by the insurance company on November 23, 1948.

The defendant insurance agency pleads, as a fourth defense of its answer, that the cause of action set forth did not accrue within one year next before the commencement of the action.

The plaintiff has demurred to this fourth defense on the ground that the cause of action set forth is not governed by a one-year Statute of Limitations.

It is clear that the basic cause of action alleged is breach of a· contract to procure insurance.  On the other hand, in argument, plaintiff's counsel expressly stated that he was also claiming negligence. This is proper, assuming that the allegations of the complaint are broad enough to cover such a claim.  *Ursini* v. *Goldman,* 118 Conn. 554, 560.

As far as the contract phase of the action is concerned the applicable Statute of Limitations is not less than three years. General Statutes §§ 8320 and 8315.

Assuming (in favor of the adequacy of the defense demurred to) that the allegations of the complaint are sufficient to support a claim of negligence, the general tort three-year Statute of Limitations (§ 8316) applies unless the claim falls into the smaller class of tort actions specifically covered by the one-year statute (§ 8324). *Miner* v. *McNamara*, 82 Conn. 578, 582.

General Statutes § 8324 (since the amendment in 1935, § 1680c) establishes a one-year limitation for actions "to recover damages for injury to the person, or to real or personal property, caused by negligence. . . ." It is obvious that no damages for injury to anyone's person or to any specific property, real or personal, is here claimed. Water from the broken pipe injured the plaintiff's property, but he is not of course blaming the defendant, or seeking damages from him, for this. The cause of action in tort is for damages sustained by reason of the defendant's negligent failure to procure insurance to cover the loss resulting from the injury to the property as distinguished from damages for the loss resulting from the injury to the property. Consequently the cause of action does not fall within § 8324. *Sharkey* v. *Skilton*, 83 Conn. 503, 510; *Penobscot Fish Co.* v. *Western Union Telegraph Co.*, 91 Conn. 35, 37. Since the one-year statute (§ 8324) is inapplicable, the overall three-year statute (§ 8316) is left controlling. *Tuohey* v. *Martinjak*, 119 Conn. 500, 506.

The demurrer to the fourth defense of the answer is sustained.