[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 17, 1996
FACTS
The plaintiff, John T. Macdermid, commenced the present action against the defendants, Todd Cassanelli, Inc., and Blair A. DuPont, by service of a writ of summons and complaint on February 21, 1996. The complaint is in a single count alleging that the plaintiff was the owner of commercial real property located at 31 Harwinton Avenue, Plymouth, Connecticut and that the defendants were under a duty to exercise reasonable skill, care and diligence to procure a policy of insurance to cover said property but that the defendants failed to do so. Specifically, the complaint alleges that in February of 1993, the plaintiff and defendants had a discussion regarding renewal of a hazard insurance policy and that the plaintiff objected to "the unacceptably high insurance rate increase of the company with which the defendants wrote insurance." (Complaint ¶ 5.) The plaintiff allegedly informed the defendants that "he desired coverage at a reasonable premium, and that plaintiff was relying on defendants to procure such a policy of insurance which would afford hazard insurance coverage. Defendants agreed and contracted to procure insurance suitable to the plaintiff's needs." (Id.)
The complaint further alleges that "[o]n or about March 13, 1993, the town of Plymouth experienced an extremely heavy snow fall." (Id. ¶ 6.) As a result of the profuse amount of snow CT Page 5463 which had fallen on the roof of the subject premises the roof and a wall collapsed and various other structural elements of the building were impaired. (Id.) "As a direct and proximate result of Defendants' failure to procure said insurance, plaintiff sustained a loss, insurance benefits which he would have received if Defendants had not failed to procure the said insurance." (Id.
¶ 8.)
The defendants filed an answer and special defenses on August 7, 1996. One of the special defense put forth by the defendants is that the plaintiff's action is time barred by General Statutes § 52-584. Additionally. pursuant to Practice Book § 378 et seq., the defendants filed a motion for summary judgment on August 7, 1996. The motion was supported by the requisite memorandum of law.
The plaintiff timely filed a memorandum in opposition to the motion for summary judgment.
The defendants argue that there is no genuine issue of material fact with respect to their special defense that the plaintiff's action is barred by the applicable statute of limitations and thus the motion for summary judgment should be granted. The plaintiff, on the other hand, argues that the applicable statute of limitations is General Statutes §52-577 and that the present action was filed within the three-year time period prescribed by the statute. For this reason, the plaintiff argues that the motion for summary judgment should be denied.
The defendants filed a reply brief addressing the arguments presented in the plaintiff's objection to motion for summary judgment.
DISCUSSION
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogaffy v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). CT Page 5464
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts . . ." (Citations omitted: internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
A motion for summary judgment is the appropriate vehicle to determine whether a claim is barred by the statute of limitations. Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98
(1986). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside GreenCondominium Association, Inc. v. Woodside Green, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 91368 (9 CONN. L. RPTR. 637, August 24, 1993) (Lewis, J.). "Where there is no dispute as to that applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Shuster v. Buckley, 5 Conn. App. 473, 477,500 A.2d 240 (1985).
The defendants put forth a special defense asserting that the action is barred by the statute of limitations, specifically General Statutes § 52-584 which reads in relevant part that "no action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of." General Statutes § 52-584. The question presented to this court is which statute of limitations applies to the plaintiff's claim.
General Statutes § 52-577 states that "[n]o action founded upon a tort shall be brought but within three years from CT Page 5465 the date of the act or omission complained of." "The three-year Statute of Limitations, 52-577, is applicable to all tort actions other than those actions carved out of 52-577 and enumerated in52-584 or another section.' United Aircraft Corporation v.International Assn. of Machinists, 161 Conn. 79, 107,285 A.2d 330 (1971), cert. den., 404 U.S. 1015, 92 S.Ct. 674,30 L.Ed.2d 663 (1972); see also, Rosenblatt v. Berman, 143 Conn. 31, 39.119 A.2d 118 (1955). The only case found by the plaintiff discussing which of the two statutes is applicable under the circumstance of this case is Columbia Records, Inc. v. Bradley . Sons, Inc.,17 Conn. Sup. 61, A.2d (1950). Likewise, this court did not find any cases on point other than one relied on by the plaintiff.
In Columbia Records, Inc. v. Bradley Sons, Inc. supra,17 Conn. Sup. 61, the plaintiff's complaint alleged "breach of contract on the part of the defendant, an insurance agency, to procure insurance coverage against damage from the accidental breakage of pressure piping on the plaintiff's property." Id. The complaint, assuming the sufficiency of the allegations, also alleged a claim of negligence. The court held that the applicable statute of limitations was the general tort three-year statute of limitations, General Statutes § 8316, the predecessor of General Statutes § 52-577.
"General Statutes § 8324 (since the amendment in 1935, § 1680c) [the predecessor to General Statutes § 51-584] establishes a one-year limitation for actions `to recover damages for injury to the person, or to real or personal property, caused by negligence . . .' It is obvious that no damages for injury to anyone's person or to any specific property, real or personal, is here claimed. Water from the broken pipe injured the plaintiff's property, but he is not of course blaming the defendant, or seeking damages from him, for this. The cause of action in tort is for damages sustained by reason of the defendant's negligent failure to procure insurance to cover the loss resulting from the injury to the property as distinguished from damages for the loss resulting from the injury to the property. Consequently the cause of action does not fall within § 8324. Sharkey v. Skilton,83 Conn. 503, 510; Penobscot Fish Co. v. Western Union TelegraphCo., 91 Conn. 35, 37. Since the one-year statute (§ 8324) is inapplicable, the overall three-year statute (§ 8316) [the predecessor to General Statutes 52-577] is left controlling.Tuohey v. Martinjak, 119 Conn. 500, 506. Id., 62.
Notwithstanding the fact, as pointed out by the defendants, CT Page 5466 that Columbia Records, Inc. v. Bradley Sons Inc., supra,17 Conn. Sup. 61, is forty-six years old and has never been cited by any other Connecticut court, this court is in agreement with the holding and reasoning of that decision and concludes that the applicable statute of limitations in the present case is General Statutes § 52-577. That being the case, the defendants' motion for summary judgment is denied because the plaintiff's cause of action was commenced within three years from the date of the act or omission complained of.
PICKETT, J.