[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 134)
This motion for summary judgment raises important statute of limitations questions involving private enforcement actions brought under Connecticut's Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. §§ 38a-815, et seq., and Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq.
The relevant facts can be briefly described. At the time of the events in question, Fountain's Garage ("Fountain's") was authorized to tow vehicles for the City of New Haven. On April 24, 1992, Fountain's was issued a policy of insurance by Progressive Casualty Insurance Co. ("Progressive"). The insurance broker used by Fountain's in obtaining the Progressive policy was M. H. Chodos Insurance Agency ("Chodos").
On June 22, 1992, the plaintiff, Tyrone Grant ("Grant") was seriously beaten by an employee of Fountain's while attempting to reclaim his car Grant subsequently sued Fountain's in a civil action. Grant v. Fountain's Garage, Inc., No. 358105 (New Haven J.D. 1995). On March 28, 1995, he obtained a judgment of $950,000. On April 21, 1995, Grant demanded payment from Progressive on its policy. On May 12, 1995, Progressive denied coverage for a variety of reasons, including its assertion that Grant's injury was caused by an intentional act.
On December 12, 1995, Grant commenced the present action against, inter alia, the City of New Haven and Progressive alleging various breaches of duty. Those claims are not now before me. On June 17, 1996, the Court (Fracasse, J.) granted his CT Page 1323 motion to cite in Chodos as an additional party defendant. Chodos was served on July 9, 1996.
Grant's Amended Complaint of July 3, 1996, contains two counts directed against Chodos. Both counts assert that Chodos knew or should have known that the Progressive policy failed to comply with the requirements of New Haven Ordinances § 29-110
which, inter alia, requires a tow truck operator licensed by the City to hold "[a] garage liability policy, covering the operation of [its] business, equipment, or vehicles, for any bodily injury or property damage." The seventh count claims a violation of CUIPA. The eighth count claims a violation of CUTPA.
On May 23, 1997, Chodos filed the motion for summary judgment now before me. The motion seeks summary judgment with respect to both the seventh and eighth counts of the amended complaint. It was heard on January 20, 1998.
Chodos first claims that there is no private right of action under CUIPA. This question has been expressly left open by our Supreme Court. Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11
(1986); Griswold v. Union Labor Life Insurance Co.,186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982). Because I conclude that Grant's CUIPA claim must be dismissed on statute of limitations grounds, I need not decide the private right of action issue here. The statute of limitations issue must be confronted with respect to Grant's CUTPA claim in any event, and it is consequently appropriate to consider it with respect to his CUIPA claim as well.
CUIPA itself contains no statute of limitations, so the applicable statute necessarily lies elsewhere. There are two obvious candidates. Conn. Gen. Stat. § 52-577 is the statute of limitations for actions founded upon torts. Conn. Gen. Stat. § 52-584 is the statute of limitations for actions for injury to person or property. "The three-year limitation of § 52-577
is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in § 52-584 or another section." Collens v. NewCanaan Water Co., 155 Conn. 477, 491, 234 A.2d 825 (1967). AccordProkolkin v. General Motors Corp., 170 Conn. 289, 294,365 A.2d 1180 (1976). Thus, § 52-584 "applies only to those actions, primarily negligence actions, that are specifically enumerated in the section itself" Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). In contrast, § 52-577 is a statute of general CT Page 1324 application. "The law of torts encompasses personal injuries (as well as injuries to other personal interests) resulting from both negligent and intentional conduct, and § 52-577, by providing simply for all actions `founded upon a tort,' sets the limitations period for all types of tort claims that are not specifically covered by different limitations provisions."Lounsbury v. Jeffries, supra, 25 F.3d at 134.
The cause of action asserted here is a private right of action under CUIPA. This statutory cause of action is not among the causes of action specifically enumerated in § 52-584. It follows that the applicable cause of action is the general statute of limitations provided by § 52-577.
Conn. Gen. Stat. § 52-577 provides that, "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Sec. 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." S.M.S. Textile Mills,Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 790, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). The identification of "the act or omission complained of" is obviously a task of vital importance. Although Grant places much emphasis on the "discovery rule" of Conn. Gen. Stat. § 52-584 that allows an injured party to bring suit within two years of discovering the injury, it is well established that the discovery rule has no application to §52-577, which is a statute of repose. Fichera v. Mine Hill Corp.,207 Conn. 204, 212-13, 541 A.2d 472 (1988); Collum v. Chapin,40 Conn. App. 449, 451, 671 A.2d 1329 (1996).
The crucial event for purposes of § 52-577 is not the date of discovery but the time of "the act or omission complained of." There are three leading candidates for this title in the present case: April 24, 1992 (the date that Progressive's policy was issued to Fountain's); June 22, 1992 (the date that Grant was physically injured); and May 12, 1995 (the date of Progressive's denial letter to Grant). This list of three can quickly be whittled down to two, because one date (June 22, 1992), is clearly a nonstarter. Although Grant's physical injury was the act or injury complained of in Grant v. Fountain's Garage, Inc.,
it is not the act or omission complained of in this case. The allegation in this case is not one of physical injury to Grant CT Page 1325 but one of injury to his financial interests caused by underinsurance. Grant was, to be sure, physically injured, but it is not his physical injury that he is complaining of here. His problem for purposes of the present case is that he can't collect on his judgment. See Columbia Records, Inc. v. J. C. Bradley Son, Inc., 17 Conn. Sup. 61, 62 (Super.Ct. 1950). The date of his physical injury is, consequently, unimportant for purposes of the statute of limitations issue now before the court.
The remaining candidates for "the act or omission complained of" must be examined in greater detail. Grant's claim against Chodos necessarily focuses on the negotiation and issuance of the Progressive policy. Grant alleges that Chodos knew or should have known that the Progressive policy failed to comply with the New Haven ordinance discussed above. The time when an insurance broker should have the relevant knowledge is when a policy is negotiated or issued. (Because both issuance and negotiation are well past the three year limit, the difference between them is inconsequential for present purposes.) This event is plainly the gist of both the seventh and eighth counts of Grant's complaint.
What about Progressive's eventual denial of coverage? This is obviously an event of considerable importance with respect to Grant's claim against Progressive, but it is not an "act or omission complained of" for purposes of Grant's claim against Chodos. The duties of insurer and broker must be distinguished in this regard. An insurer has a continuing relationship with its insured and consequently has a duty, at least to the insured, that continues during the term of the policy. A broker, however, has no such continuing relationship or duty. The broker's duty (assuming that there is one to a third person like Grant in the first place) occurs at the time of the negotiation and issuance of the policy. "An insurance broker is the agent of the insured in negotiating for a policy." 16A John Alan Appleman Jean Appleman, Insurance Law and Practice § 8841 at 171. Its liability, if any, results from a breach of the duties imposed by that task. Id. at § 8843. Once that task has been accomplished, in the absence of a contractual agreement to the contrary, the duties of the broker are ended. In this regard, a broker is analogous not to an insurer but to a manufacturer of an alleged defective product which at some discrete point in time completes its task and surrenders possession and control of the instrumentality in question. In such a case, the limitation period runs not from the date of the injury but from the date of the completion of the task. See Richard A. Epstein, The TemporalCT Page 1326Dimension in Tort Law, 53 U. Chi. L. Rev. 1175, 1206 (1986).
This doctrine necessarily has harsh results with respect to plaintiffs like Grant who are injured more than three years after the tortious conduct that eventually injures them has occurred. In such a case, the plaintiff's cause of action can be barred before it ever accrues. That is, it turns out, the case here. Because Chodos' tortious conduct occurred, if at all, during the negotiation and issuance of the Progressive policy and its duty ceased at the time of the issuance of the policy, the statute of limitations expired on or about April 24, 1995, or approximately eighteen days before Progressive issued its denial letter. This is, as our Supreme Court has accurately noted, a "draconian effect" of § 52-577. Catz v. Rubenstein, 201 Conn. 39, 46,513 A.2d 98 (1986). It is, however, as Catz suggests, an effect that must be alleviated by the legislature rather than the courts (or at least the lower courts). Id. It has long been established that, under § 52-577, "the rights that it delimits can expire before an individual has been injured and the cause of action has begun to accrue." Baxter v. Sturm, Ruger Co., 230 Conn. 335,342, 644 A.2d 1297 (1994). (Internal citation and quotation marks omitted.) Accord Dincher v. Marlin Firearms Co., 198 F.2d 821 (2d Cir. 1952); Prokolkin v. General Motors Corp., supra,170 Conn. at 296; Vilcinskas v. Sears. Roebuck Co., 144 Conn. 170,127 A.2d 814 (1956); Protter v. Brown. Thompson Co.,25 Conn. App. 360, 365, 593 A.2d 524 (1991). As Vilcinskas explains, "such a provision accords with the purposes of statutes of limitations. One purpose is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution . . . . It is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute, such as [§52-577], which may on occasion bar an action even before the cause of action accrues." 144 Conn. at 174-75. Assuming for purposes of argument that Grant has a private cause of action under CUIPA in the first place, the statute of limitations has expired with respect to the action that he brings here.
With this analysis in mind, Grant's CUTPA action can be much more summarily discussed. CUTPA contains its own statute of limitations. "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." Conn. Gen. Stat. § 42-110g(r). Sec. 42-110g(f) is, on its face, an "occurrence" statute, and our Supreme Court has held that it is to be construed in the same way as § 52-577. CT Page 1327Fichera v. Mine Hill Corp., supra, 207 Conn. at 213. Grant's CUTPA claim is grounded in the same factual allegations that underlie his CUIPA claim. Any "violation" committed by Chodos necessarily occurred on or before April 24, 1992. The statute of limitations with respect to Grant's CUTPA claim consequently expired prior to the commencement of this action.
For the reasons discussed above, Chodos' motion for summary judgment is granted.
Jon C. Blue Judge of the Superior Court